UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WG MONTERREY VENTURE LLC,**

        **Plaintiff,**

**v.**                                         **No. SA-20-CV-0533-JKP-ESC**

**DIG MONTERREY VILLAGE, LLC,**
**DORNIN INVESTMENT GROUP, LLC,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Plaintiff/Counter-Defendant WG Monterrey Venture, LLC's Motion under Rule 12(b)(6), to Dismiss Defendants/Counter-Plaintiffs' Counterclaim, Motion under Rule 12(e) for a More Definite Statement, and Motion under Rule 12(f) to Strike Portions of Defendants'/Counter-Plaintiffs' Counterclaim*. ECF No. 6. The motion is ripe for ruling. For the reasons set forth below, the Court grants in part and denies in part the motion.

## I. BACKGROUND

Plaintiff WG Monterrey Venture LLC ("Movant") initiated this action on March 27, 2020, in the 166th Judicial District, Bexar County, Texas. ECF No. 1-3 at 4-13. Defendants DIG Monterrey Village, LLC and Dornin Investment Group, LLC, ("Defendants") filed their verified answer and counterclaim and removed the action to federal court on April 29, 2020. ECF Nos. 1; 1-3 at 17-27.

The lawsuit arises out of an unconsummated sale. The parties executed a purchase and sale agreement dated January 6, 2020 (the "Agreement") for the sale of the Echelon at Monterrey Village Apartments in San Antonio, Texas (the "Apartments"). Defendant, Dornin Investment Group, LLC, was the purchaser, and Movant, WG Monterrey Venture LLC, was the seller. The

Agreement contained a March 26, 2020 close date. Because the sale did not close, Movant brought suit to recover the earnest money deposited by Defendant and Movant's "costs and fees." ECF No. 1-3 at 4. Defendants seek monetary damages by counterclaims that assert causes of action for breach of contract, fraudulent inducement, negligent misrepresentation, and failure of conditions precedent. *Id.* at 17.

Movant filed its Rule 12 motion on May 13, 2020. ECF No. 6. By its motion, Movant seeks dismissal of Defendants' counterclaims, requests an order requiring Defendants to make a more definite statement identifying the specific leases and rental rates at issue, and asks the Court to strike an allegation made in Defendants' answer and counterclaim. *See* Fed. R. Civ. P. 12(b)(6), (e) & (f). Defendants responded, Movant replied, and the Court heard the arguments of the parties at a hearing convened January 28, 2021.

## II. LEGAL STANDARDS

Under Rule 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the

[complainant] and draw all reasonable inferences in [its] favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Facts alleged in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A claim has facial plausibility when the complaint pleads factual content that allows the court to draw a reasonable inference of liability for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility of an unlawful act. Where a complaint pleads facts that are "merely consistent with" liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citations omitted). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether a party will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8.

Fed. R. Civ. P. 9(b) requires a plaintiff alleging fraud to "plead with particularity the circumstances constituting the alleged fraud." "Accordingly, plaintiffs alleging fraud must

additionally describe, in short, 'the who, what, when, and where' supporting their fraud allegations." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 2020 U.S. App. LEXIS 39997, at *6 (5th Cir. 2020) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)).

## III. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss

### 1. Counterclaims One, Two, and Three

Counterclaims one, two, and three allege Movant breached §§ 4.2, 7.2, and 7.6 of the Agreement.[1] "'In Texas, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance [by the party bringing the claim]; (3) breach of the contract by the [party against whom the claim is brought]; and (4) damages sustained by the [party bringing the claim] as a result of the breach.'" *Estes v. JP Morgan Chase Bank, Nat'l Ass'n*, 613 F. App'x 277, 280 (5th Cir. 2015) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied))). Movant argues that Defendants cannot state a claim for breach of contract because (1) they cannot show that any alleged breach was material; and (2) they cannot overcome the fact that any such breach was cured.

A Rule 12(b)(6) motion tests the sufficiency of the pleading. *See Twombly*, 550 U.S. at 570. At issue here is whether Defendants' breach of contract counterclaims plead facts that plausibly allege the elements of a breach of contract claim—a valid contract, performance, breach, and damages—not whether the party will prevail. *Id.* at 563 n.8. Defendants' allege the existence of a valid contract. They support this allegation by attaching the Agreement to their

---

[1] *See* Purchase and Sale Agreement, ECF No. 1-3 at 39-99.

Original Answer and Counterclaim. *See* ECF No. 1-3 at 17-99. Additionally, Movant does not dispute that the Agreement is a valid contract. Defendants allege performance was tendered with the deposit of $1,000,000 into escrow. *Id.* at 24, par. 26.

Defendants further allege that Movant breached § 7.2 of the Agreement by (1) entering into leases with rental rates below the minimum established in Schedule 7.2 and (2) failing to provide Defendants with an updated rent roll at least twenty-four hours before the expiration of the due diligence period. *Id.* at 26-27. Section 7.2 provides, in part,

> in no event shall [Movant] alter, amend, modify, supplement or extend the term of any Lease or enter into any new Lease upon terms other than as provided on Schedule 7.2 . . . without Purchaser's prior written consent. Seller shall provide an updated rent roll depicting lease activity during the Due Diligence Period at least twenty-four (24) hours prior to the expiration of the Due Diligence Period for Purchaser's review.

*Id.* at 52-53.

Defendants allege Movant breached § 4.2 of the agreement because "both the rent roll attached to the Agreement and the January 6, 2020 rent roll delivered pursuant to § 4.1(b) were intentionally misleading." *Id.* at 28. Section 4.2 states that while Movant does not verify nor certify any information furnished by a third party, it represents that it " has no actual knowledge that any such information is incomplete or misleading in any material respect." *Id.* at 45.

Defendants allege that Movant breached § 7.6 by failing to disclose that it had "already" offered renewals to several tenants for less than the minimum rates despite its express obligation to so disclose. Defendants allege Movant also breached § 7.6 by entering into such leases without Defendants' consent. *Id.* at 29. Section 7.6 states, in part, that Movant

> shall endeavor to keep [Defendants] informed as to the ongoing operations at the Property and to all material developments with respect to the Property (in each case, as soon as readily available after the Effective Date [January 6, 2020]) . . . including, . . . prompt notice of all new Leases . . . or modifications to existing Leases[.]

*Id.* at 53. While Defendants cannot state a breach of contract claim for failure to disclose under §
7.6 if "already" means prior to the Effective Date, the Court declines to parse the meaning at this
stage of the proceeding.

Finally, Defendants allege they suffered monetary damages as a result of the breach
including the escrow deposit and due diligence, negotiation, and financing expenditures.
Defendants' answer and counterclaim plausibly alleges facts that demonstrate the existence of a
valid contract; Defendants' tendered performance; Movant's breach of the Agreement; and
damages. Accordingly, Defendants have stated claims for breach of contract that are sufficient to
survive the motion to dismiss.

**2. Counterclaim Four**

Counterclaim four alleges that Movant failed to comply with the conditions precedent in
§§ 4.2, 7.2, and 7.6 of the Agreement. "A condition precedent is an event that must happen or be
performed before a right can accrue to enforce an obligation." *Centex Corp. v. Dalton*, 840
S.W.2d 952, 956 (Tex. 1992); *accord Conn Credit I, L.P. v. TF LoanCo, III, LLC*, 903 F.3d 493,
500 (5th Cir. 2018). A condition precedent "may be either a condition to the formation of a
contract or to an obligation to perform an existing agreement." *Energy Transfer Partners, L.P. v.
Enter. Prods. Partners, L.P.*, 593 S.W.3d 732, 740 n.33 (Tex. 2020) (quoting *Hohenberg Bros.
Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976)). "In pleading conditions
precedent, it suffices to allege generally that all conditions precedent have occurred or been
performed. But when denying that a condition precedent has occurred or been performed, [i.e.,
failure of conditions precedent] a party must do so with particularity." Fed. R. Civ. P. 9(c).

Defendants' allege that Movant failed to perform three conditions precedent. First, when
Movant knowingly and falsely represented that it had no actual knowledge that any information

it disclosed to Defendants was "incomplete or misleading in any material respect" it failed to perform this condition precedent pursuant to § 4.2 of the Agreement. ECF No. 1-3 at 29. Second, when Movant did not obtain Defendants' written consent prior to entering into any new leases or lease renewals at rental rates below the minimum rental rate and did not provide to Defendants an updated rent roll at least twenty-four hours before the expiration of the due diligence period, Movant failed to perform the condition precedent required by § 7.2 of the Agreement. *Id.* at 29-30. Third, when Movant did not keep Defendants informed as to ongoing operations and any material developments at the property, Movant failed to perform the condition precedent required by § 7.6 of the Agreement. *Id.* at 30.

Movant contends that neither § 4.2, 7.2, nor 7.6 contain language that could be construed as conditions precedent. ECF No. 6 at 2. Defendants' response points to § 8.1 of the Agreement. It states that Defendants' obligation to close is conditioned upon conditions precedent, including that Movant "shall have performed and observed in all material respects all covenants and agreements to be performed by [Movant]" and that all "representations and warranties" of Movant "contained in this Agreement shall be true and correct in all material respects as of the date of Closing subject to factual changes which do not materially affect the value of the Property." ECF No. 1-3 at 54. Because a court addressing a motion under Rule 12(b)(6) may consider both the contents of the pleadings and attachments thereto, the Court finds Defendants' reference to the Agreement appropriate. *See Brand Coupon Network*, 748 F.3d at 635; *see also* ECF No. 1-3 at 21 par. 17.

The failure of a condition precedent, "or whether such failure may be excused, presents factual issues ill-suited to resolution on a motion to dismiss." *Mendonca & Partners, LLC v. Baskaran*, No. 16-639 (KM) (JBC), 2016 U.S. Dist. LEXIS 91297, at *5-6 n.2, 2016 WL

3769749 (D.N.J. July 13, 2016). Moreover, denial of the occurrence of a condition precedent "frequently is cast as a defense." *Id.* Whether counterclaim four is construed as a claim, a defense, or a theory by which to prove a breach of contract claim, Defendants have pled "failure of conditions precedent" in such a way that both states the claim with sufficient particularity and gives Movant fair notice. *See* Fed. R. Civ. P. 8 & 9. Thus, counterclaim four survives the motion to dismiss.

### 3. Counterclaims Five and Six

Counterclaim five brings a cause of action for fraudulent inducement. "Fraudulent inducement is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof." *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012) (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001)).

> To state a claim for fraudulent inducement, a plaintiff must plausibly plead facts establishing that: (1) the other party made a material misrepresentation, (2) the representation was false and was either known to be false when made or was made without knowledge of the truth, (3) the representation was intended to be and was relied upon by the injured party, and (4) the injury complained of was caused by the reliance.

*IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs.*, 900 F.3d 640, 647 (5th Cir. 2018). A misrepresentation is material if a "reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). A fraudulent-inducement plaintiff acts in reliance on a material misrepresentation if he entered into an enforceable agreement because of the misrepresentation. *Wilmot v. Bouknight*, 466 S.W.3d 219, 229 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Counterclaim six alleges that Movant violated Tex. Bus. & Com. Code § 27.01, the elements of which are substantially similar to a claim for fraudulent inducement. To state a claim

for false representation under § 27.01, Defendant must plausibly allege Movant (1) "made a false representation of a past or existing material fact" (2) for the purpose of inducing Defendant to enter into a contract; and (3) Defendant relied on the false representation in entering into the contract. *See* Tex. Bus. & Com. Code § 27.01(1). To state a claim for "false promise to do an act," Defendant must plausibly allege (1) Movant made a material false promise (2) Movant made the false promise "with the intention of not fulfilling it" and (3) for the purpose of inducing Defendant to enter into a contract; and (4) Defendant relied on the false promise by entering into the contract. *See id.* § 27.01(2).

Defendants allege Movant knowingly misrepresented information concerning the financial performance of the Apartments and concealed its actions with respect to executing renewals and new leases at below the minimum rental rates. ECF No. 1-3 at 31. The misrepresentations were material because Defendants had negotiated these specific provisions into the Agreement. *Id.* Defendants allege the representations were false and Movant knew they were false because they were intentionally incomplete and misleading. *Id.* Defendants further allege that Movant intended Defendant to rely on its representation of the financial condition of the apartment complex and the rents charged because these are core to the business. Defendants allege they deposited $1,000,000 in escrow in reliance on Movant's false representations. *Id.* at 32. Accordingly, counterclaims five and six survive the motion to dismiss.

### 4. Counterclaim Seven

Counterclaim seven brings a claim for negligent misrepresentation. To state a claim for negligent misrepresentation, a plaintiff must show:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the

information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Margolis v. James B. Nutter & Co.*, 808 F. App'x 230, 234 (5th Cir. 2020) (per curiam) (quoting

*Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

      Movant argues that Defendants do not have a valid negligent misrepresentation claim because there is an enforceable agreement. And because Defendants' alleged injury results from breach of the Agreement, it sounds only in contract. Therefore, recovery is barred by the economic loss doctrine.

> In Texas, the economic loss doctrine "restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." The doctrine applies unless the "duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." Where a claim sounds only in contract and the damages are purely economic, the economic loss doctrine precludes recovery under a negligence cause of action.

*Dick v. Colo. Hous. Enters., L.L.C.*, 780 F. App'x 121, 125-26 (5th Cir. 2019) (per curiam) (citations omitted). Defendants contend that Texas courts have allowed recovery when a plaintiff seeks to recover out-of-pocket expenses incurred in reliance on the defendant's misrepresentation. They allege their potential recoverable expenses include the earnest money deposited and out-of-pocket costs incurred as a result of doing due diligence on the Property, negotiating the Agreement, and obtaining financing.

      The Texas Supreme Court has explained that to determine whether the economic loss rule bars recovery in tort, a court should examine the source of the duty breached. *Sw. Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494 (Tex. 1991). *See also Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (noting that to avoid the economic loss doctrine, the injury alleged must have arisen out of the breach of a duty that is independent of the

contractual obligations). Here, Defendants allege Movants made misrepresentations about the rental rates and failed to disclose information as required under § 7.6 of the Agreement. ECF No. 1-3 at 34. Thus, the duties alleged are owed only by virtue of the Agreement. Accordingly, Defendants' counterclaim for negligent misrepresentation is dismissed.

## B. Rule 12(e) Motion for More Definite Statement

Fed. R. Civ. P. 12(e) provides in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Movants request an order requiring Defendants to make a more definite statement identifying the specific leases and rental rates at issue. Because the information Movant seeks may be obtained through discovery, the Court denies the motion.

## C. Rule 12(f) Motion to Strike

Fed. R. Civ. P. 12(f) provides in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Movant's motion to strike requests that the Court strike as scandalous Defendants' allegation that Movant's construction loan on the Apartments is "significantly past due." *See* ECF No. 1-3 at 22, par. 22. Defendants respond that at the outset of negotiations Movant's broker provided a report that includes a construction loan against the Apartments in the amount of $24,548,989, which had a maturity date and term of June 10, 2019, but no information as to the current status of the loan. *See* ECF No. 8-1 at 8. Movant's reply does not address this assertion. Accordingly, the Court denies Movant's motion to strike the statement as scandalous.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** *Plaintiff/Counter-Defendant WG Monterrey Venture, LLC's Motion under Rule 12(b)(6), to Dismiss Defendants/Counter-Plaintiffs' Counterclaim, Motion under Rule 12(e) for a More Definite Statement, and Motion under Rule 12(f) to Strike Portions of Defendants'/Counter-Plaintiffs' Counterclaim*, ECF No. 6. Defendants' negligent misrepresentation counterclaim is **DISMISSED with prejudice**.

**It is further ORDERED** that any motion for summary judgment will be taken up at trial.[2]

**It is so ORDERED this 1st day of February 2021.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See* Standing Order in Civil Cases Assigned to Judge Jason Pulliam, https://www.txwd.uscourts.gov/judges-information/standing-orders/, "Motions for summary judgment are highly disfavored in any case in which the Court will serve as the factfinder and in any case asserting a cause of action under the Federal Tort Claims Act, in which parties do not have a right to a jury trial under 28 U. S. C. § 2402 and *Carlson v. Green*, 446 U.S. 14, 22 (1980)."